### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| LEWIS L. CLARK, | ) |
| Petitioner, | ) ) ) |
| v. | ) )  Criminal Case No. 09-40024 |
| UNITED STATES OF AMERICA, | ) ) ) ) |
| Respondent. | ) ) |

## ORDER AND OPINION

Pending before the Court is Petitioner Lewis L. Clark's Motion to Vacate Sentencing Judgment (ECF No. 52); Motion to Dismiss Sentencing Judgment (ECF No. 53); Supplemental Motion to Vacate Sentencing (ECF No. 55), and his Motion for Temporary Restraining Order (ECF No. 56). For the reasons stated below, Petitioner's Motions are denied.

### BACKGROUND AND PROCEDURAL HISTORY

On March 18, 2009 a four-count Indictment was filed, charging Petitioner with multiple counts for knowingly sending letters through the mail threatening to murder a circuit judge, the circuit court clerk, and current and former state's attorneys. ECF No. 1. Petitioner ultimately pleaded guilty and was sentenced to 60 months on each of the four counts to run concurrently to one another and to run consecutively to the term imposed in Henry County, Illinois. ECF No. 31.

### ANALYSIS

All of Petitioner's motion are, at bottom, a complaint that he remains in an Illinois Department of Corrections facility when he alleges that should be a in a federal facility. He has filed over ten motions related to this issue. His arguments vary slightly in the recent motions, so the Court will briefly address them.

Petitioner has moved to vacate his conviction under 28 U.S.C. § 2255. A § 2255 motion allows a person convicted of a federal crime to vacate, set aside, or correct his sentence, in limited circumstances, such as where an error is jurisdictional, of constitutional magnitude, or there has been a "complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004). Rule 4(b) of the Rules Governing Section 2255 Proceedings requires the court to screen the motion before ordering the government to respond and "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal." Rule 4(b) of the Rules Governing Section 2255 Proceedings.

Petitioner complains that he has been in a state facility since he was sentenced. He asserts that he finished serving his sentence he received on the state level and was formally released from state custody. However, he claims that he is serving his federal sentence but remains in an Illinois Department of Correction facility. He asserts that he should be in a federal facility where he would have access to programs and jobs that could result in prison time reduction that are not offered in his current facility.

The Court does not have enough information before it to determine whether Petitioner is correct in his assertion that he has completed his state sentence. Regardless, Petitioner does not point to any legal support for his argument that he should have a cause of action due to his failure to be placed in a federal facility. Instead, 18 U.S.C. § 3621 allows the Bureau of Prisons to designate a facility that is maintained by the Federal Government "or otherwise." It is certainly not a reason for this Court to vacate his sentence as Petitioner is apparently requesting.

As to his Motion for a Temporary Restraining Order, Petitioner also failed to meet the requirements of Rule 65 of the Federal Rules of Civil Procedure in that he did not file an affidavit

or verified complaint that pleaded specific facts showing immediate and irreparable harm. Accordingly, that motion would be denied for this reason as well.

## CONCLUSION

Petitioner made slightly different arguments in the recent filings, but the Court has already responded to ten motions related to the place of his confinement. The Court will not continue to entertain motions on this issue and may deny future motions without further explanation.

For the reasons stated above, Petitioner's Motion to Vacate Sentencing Judgment [52]; Motion to Dismiss Sentencing Judgment [53]; Supplemental Motion to Vacate Sentencing [55], and his Motion for Temporary Restraining Order [56] are DENIED.

ENTERED this 16th day of August, 2022.

/s/ Michael M. Mihm
Michael M. Mihm
United States District Judge